**Case No. 22-35207**

**IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

─────────────────────────

In the Matter of: PETER SZANTO,

Debtor,

─────────────────────────

PETER SZANTO,

Appellant,

v.

CANDACE AMBORN, Chapter 7 Trustee,

Appellee,

─────────────────────────

CANDACE AMBORN,

Plaintiff,

v.

THE YANKEE TRUST CORPORATION,

Defendant.

─────────────────────────

Appeal from the Honorable Michael H. Simon
United States District Court Judge
District of Oregon, Portland Case No. 3:18-cv-01841-SI

─────────────────────────

**ANSWERING BRIEF OF APPELLEE CANDACE AMBORN,
CHAPTER 7 TRUSTEE**

─────────────────────────

RUSSELL D. GARRETT
russell.garrett@jordanramis.com
ROBYN L. STEIN
robyn.stein@jordanramis.com
JORDAN RAMIS PC
1211 SW Fifth Avenue, 27th Floor
Portland, Oregon 97204
Telephone:  (503) 598-7070
Facsimile:  (503) 598-7373

*Attorneys for Appellee Candace Amborn,*
*Chapter 7 Trustee*

# TABLE OF CONTENTS

Page(s)

I.     INTRODUCTION .................................................................. 9

II.    JURISDICTIONAL STATEMENT ................................... 11

III.   ISSUES PRESENTED ...................................................... 12

IV.   STATEMENT OF THE CASE........................................... 13

      A.      The Oregon Bankruptcy Case, Conversion Order,
               and Denial of Discharge; and Szanto's History of
               Vexatious Litigation .................................................. 13

      B.      The Default Judgment at Issue in This Appeal ...... 17

V.     SUMMARY OF THE ARGUMENT................................... 21

VI.   ARGUMENT....................................................................... 22

      A.      This Appeal Must Be Dismissed Because Szanto
               Does Not Have Standing. ......................................... 22

            1.     The Only Ruling on Review is Entry of the
                    Default Judgment Against Yankee Trust ........ 22

            2.     Standard of Review and Legal Standard for
                    Appellate Standing ........................................... 25

            3.     Szanto Lacks Representative Capacity.............. 27

            4.     Santo Lacks Individual Capacity ....................... 28

Page(s)

B.  Even if Szanto Did Have Standing, This Appeal
Fails on the Merits Because the Bankruptcy Court
Did Not Abuse Its Discretion by Entering the
Default Judgment Against Yankee Trust ................ 31

1.  Standard of Review ............................................ 31

2.  Yankee Trust Was Validly Served With the
Adversary Proceeding Summons and Complaint,
and Failed to Appear and Defend Within the
Time Permitted by Law ...................................... 32

VII.  CONCLUSION .................................................................. 33

# TABLE OF AUTHORITIES

Page(s)

Cases

*Bias v. Moynihan,*
   508 F.3d 1212 (9th Cir. 2007) ................................................................ 23

*C.E. Pope Equity Tr. v. United States,*
   818 F.2d 696 (9th Cir. 1987) ................................................................ 29

*DIRECTV, Inc. v. Hoa Huynh,*
   503 F.3d 847 (9th Cir. 2007) ................................................................ 31

*Exch. Comm'n v. Sec. Nw, Inc.,*
   573 F.2d 622 (9th Cir.1978) ................................................................ 29

*Harris v. Cnty of Orange,*
   682 F.3d 1126 (9th Cir. 2012) ................................................................ 13

*Hedges v. Resol. Tr. Corp.,*
   32 F.3d 1360 (9th Cir. 1994) ................................................................ 23

*In re Anchorage Nautical Tours, Inc.,*
   145 B.R. 637 (B.A.P. 9th Cir. 1992) ................................................................ 30

*In re Clark,*
   2014 WL 5646640 (B.A.P. 9th Cir. Nov. 4, 2014) ................................ 24

*In re P.R.T.C., Inc.,*
   177 F.3d 774 (9th Cir. 1999) ................................................................ 26

*In re Pena,*
   974 F.3d 934 (9th Cir. 2020) ................................................................ 26

*In re Roman Cath. Archbishop of Portland in Oregon,*
   661 F.3d 417 (9th Cir. 2011) ................................................................ 32

*In re Sisk,*
   962 F.3d 1133 (9th Cir. 2020) ................................................................ 26

*In re Szanto,*
   2016 WL 3209463 (B.A.P. 9th Cir. May 31, 2016) .............................. 17

*In re Szanto,*
   2021 WL 1329435 (B.A.P. 9th Cir. Apr. 1, 2021) .......................... 14, 22

*In re Szanto,*
   2021 WL 3469186 (B.A.P. 9th Cir. Aug. 5, 2021) .............................. 15

*In re Szanto,*
   2022 WL 316924 (D. Or. Feb. 2, 2022) ........................ 20, 22, 24, 25, 27

Page(s)

Cases

*In re: Szanto*,
  2022 WL 1203637 (D. Or. Apr. 22, 2022) ............................................27
*In re Szanto*,
  2022 WL 2052704 (B.A.P. 9th Cir. June 7, 2022) ...............................15
*In re Szanto*,
  2022 WL 17178502 (B.A.P. 9th Cir. Nov. 23, 2022)...........................15
*In re Szanto*,
  2023 WL 2733536 (B.A.P. 9th Cir. Mar. 31, 2023) ............................15
*In re Tower Park Properties, LLC*,
  803 F.3d 450..............................................................................13, 25, 31
*In re Umpqua Shopping Ctr., Inc.*,
  111 B.R. 303 (B.A.P. 9th Cir. 1990)....................................................29
*Kane v. Johns–Manville Corp.*,
  843 F.2d 636 (2nd Cir.1988) ...............................................................29
*Kauffman v. Dreyfus Fund, Inc.*,
  434 F.2d 727 (3rd Cir. 1970)................................................................30
*Matter of Fondiller*,
  707 F.2d 441 (9th Cir. 1983)................................................................26
*Matter of Point Ctr. Fin., Inc.*,
  890 F.3d 1188 (9th Cir. 2018)..............................................25, 26, 31
*Palmdale Hills Prop., LLC v. Lehman Commercial Paper, Inc.*
*(In re Palmdale Hills Prop., LLC)*,
  654 F.3d 868 (9th Cir. 2011)................................................................25
*Rowland v. California Men's Colony, Unit II Men's Advisory Council*,
  506 U.S. 194, 113 S. Ct. 716, 121 L. Ed. 2d 656 (1993) ......................27
*Singleton v. Wulff*,
  428 U.S. 106, 96 S.Ct. 2868, 49 L.Ed.2d 826 ......................................29
*Skaff v. Meridien N. Am. Beverly Hills, LLC*,
  506 F.3d 832 (9th Cir. 2007)................................................................30
*Steel Co. v. Citizens for a Better Env't*,
  523 U.S. 83, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998) .........................25
*Szanto v. Szanto*,
  2019 WL 1932366 (D. Or. May 1, 2019) .............................................22

Page(s)

Cases

*Szanto v. Szanto,*
  2020 WL 7419215 (D. Or. Dec. 18, 2020) .............................................17
*Szanto v. Szanto,*
  2022 WL 3572993 (D. Or. Aug. 19, 2022).............................................17
*Szanto v. United States,*
  2020 WL 3490001 (D.S.D. June 26, 2020)...........................................17
*Szanto v. US Trustee,*
  2020 WL 13558222 (D. Or. Jan. 23, 2020) .........................................16
*Torres v. Oakland Scavenger Co.,*
  487 U.S. 312, 108 S. Ct. 2405, 101 L. Ed. 2d 285 (1988) ...................24
*United States v. 30.64 Acres of Land, More or Less, Situated in*
*Klickitat Cty., State of Wash.,*
  795 F.2d 796 (9th Cir. 1986)................................................................23
*Warth v. Seldin,*
  422 U.S. 490, 95 S.Ct. 2197, 45 L.Ed.2d 343 ......................................29

Statutes

11 U.S.C. § 727(a)(2)(B)..............................................................................13
11 U.S.C. § 727(a)(4)(A)..............................................................................14
11 U.S.C. § 109(a)........................................................................................17
11 U.S.C. § 362(d)(4....................................................................................17
28 U.S.C. § 157(a)........................................................................................11
28 U.S.C. § 158(a)........................................................................................11
28 U.S.C. § 1291 ..........................................................................................12
28 U.S.C. § 1334(b)......................................................................................11

Rules

Fed. R. App. P. 4(a)(1)(A) ...........................................................................11
Fed. R. Bankr. P. 7012 ..........................................................................19, 32
Fed. R. Bankr. P. 8002(a)(1).................................................................11, 23
Fed. R. Bankr. P. 8003(a)(3)(B)..................................................................23
Fed. R. Evid. 201 .........................................................................................13

Page(s)

Rules

LR 2100-2(a) ............................................................................11

## I. __INTRODUCTION__

Peter Szanto is a serial litigant subject to a pre-filing review order in this circuit. He has filed many frivolous cases and pleadings, and continues to abuse the court process in various forums, including this one. More than one court has labeled him a vexatious litigant, including the Bankruptcy Court for the District of Oregon, which issued the judgment on review in this appeal.

Szanto filed a Chapter 11 bankruptcy case in the District of Oregon in 2016. It was converted over his objection to a case under Chapter 7, and the United States Trustee ("UST") filed an adversary proceeding seeking denial of discharge. The adversary proceeding complaint alleged Szanto knowingly and fraudulently made false oaths in connection with the case regarding material facts, and that he transferred or concealed property of the estate, including via transfers to a company he incorporated named Yankee Trust Corporation ("Yankee Trust").

Thereafter, the Chapter 7 Trustee (the "Trustee")[1] initiated an adversary proceeding against Yankee Trust (the "Adversary Proceeding"), seeking turnover of estate funds. No attorney appeared for Yankee Trust and it did not file an answer to the complaint or otherwise defend itself in the Adversary Proceeding. As a result, the Bankruptcy Court entered a default judgment against Yankee Trust.

Szanto appealed the default judgment to the United States District Court for the District of Oregon. The District Court found Szanto lacked standing to appeal, and also affirmed the Bankruptcy Court's entry of judgment because Yankee Trust was validly served with the Adversary Proceeding summons and complaint and failed to answer the complaint in the time permitted by law.

Because Szanto lacks standing, this appeal must be dismissed. In the event this Court reaches the merits, it should affirm because the

---

[1] Stephen Arnot was the Chapter 7 Trustee during the pendency of the Adversary Proceeding. The Appellee was appointed successor and was substituted as the plaintiff in the Adversary Proceeding on April 18, 2019, approximately six months after Szanto filed the notice of appeal. SER-160–162. The term "Trustee," when used herein, refers to whomever was appointed at the relevant time.

Bankruptcy Court did not abuse its discretion in entering the default judgment against Yankee Trust.

## II.   **JURISDICTIONAL STATEMENT**

The Trustee initiated the Adversary Proceeding against Yankee Trust on May 11, 2018. The Bankruptcy Court had jurisdiction over the Adversary Proceeding pursuant to 28 U.S.C. § 1334(b); 28 U.S.C. § 157(a); and D. Or. LR 2100-2(a).

On October 4, 2018, the Bankruptcy Court entered the default judgment against Yankee Trust. Szanto did not have standing to appeal the judgment, but the notice of appeal he filed on October 16, 2018, was timely under Fed. R. Bankr. P. 8002(a)(1). Szanto then elected to have the appeal heard by the District Court instead of the Bankruptcy Appellate Panel for the Ninth Circuit ("BAP"). The District Court had jurisdiction over the appeal pursuant to 28 U.S.C. § 158(a).

The District Court determined Szanto did not have standing to appeal and affirmed the Bankruptcy Court on February 2, 2022. Szanto timely filed a notice of appeal to this Court on March 4, 2022.[2] This Court reviewed Szanto's notice of appeal and accompanying documents

---

[2] Fed. R. App. P. 4(a)(1)(A).

pursuant to the pre-filing review order in effect in this circuit and allowed the appeal to proceed on May 25, 2022.[3] This Court has jurisdiction over the appeal pursuant to 28 U.S.C. § 1291, but because Szanto lacks standing, the appeal must be dismissed.

## III.  ISSUES PRESENTED

A.  Must this appeal be dismissed where the only ruling on review is entry of a default judgment against Yankee Trust and where Szanto does not have standing to pursue an appeal of that judgment?

B.  Even if Szanto did have standing to pursue this appeal, would this Court affirm the Bankruptcy Court's entry of the default judgment when Yankee Trust was validly served with the summons and complaint and failed to appear and defend the Adversary Proceeding within the time permitted by law?

---

[3] Doc. 2-1.

## IV. STATEMENT OF THE CASE

### A. The Oregon Bankruptcy Case, Conversion Order, and Denial of Discharge; and Szanto's History of Vexatious Litigation.

Szanto filed a Chapter 11 bankruptcy in the United States Bankruptcy Court for the District of Oregon on August 16, 2016.[4] It was converted over Szanto's objection to a case under Chapter 7 on December 5, 2017.[5] Szanto did not timely appeal the conversion order.

On March 5, 2018, the UST initiated an adversary proceeding against Szanto seeking denial of discharge.[6] The UST alleged that Szanto transferred or concealed property of the estate in violation of 11 U.S.C. § 727(a)(2)(B) and that he knowingly and fraudulently made false oaths in connection with the case regarding material facts in

---

[4] *In re Szanto*, Case No. 3:16-bk-33185 (Bankr. D. Or.), Doc. 1. This Court may take judicial notice of documents filed in related cases in this circuit, the district courts, and in the bankruptcy courts. Fed. R. Evid. 201; *In re Tower Park Properties, LLC*, 803 F.3d 450, n. 2 (9th Cir. 2015), *citing Harris v. Cnty of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012).

[5] *In re Szanto*, Case No. 3:16-bk-33185, Doc. 278.

[6] *US Trustee and Szanto (In re Szanto)*, Case No. 3:18-ap-3022 (Bankr. D. Or.), Doc. 1.

violation of 11 U.S.C. § 727(a)(4)(A).[7] The alleged improper transfers

included transfers of funds to Yankee Trust.[8]

Following a trial, the Bankruptcy Court found in a lengthy

memorandum opinion not only that Szanto had violated these statutes,

but that "Debtor is a vexatious litigant and his conduct in the main

bankruptcy case and numerous adversary proceedings, including this

one, has put an immense burden on judicial and other public resources,"

and found that at least one of Szanto's arguments in that proceeding

was "completely without merit and indicative of his ongoing bad faith

and vexatious abuse of the bankruptcy system."[9] The judgment denying

discharge was entered on March 31, 2020.[10]

Szanto appealed that judgment to the BAP, which affirmed,

holding that the Bankruptcy Court, "properly denied Szanto a discharge

under all applicable theories."[11] The BAP noted that "[o]n appeal,

---

[7] *Id.* The UST asserted additional claims against Szanto but those claims were withdrawn before trial.

[8] *Id.*, p. 25.

[9] *Id.*, Doc. 288, pp. 4 and 25.

[10] *In re Szanto*, Case No. 3:16-bk-33185, Doc. 934.

[11] *In re Szanto*, 2021 WL 1329435, at *3 (B.A.P. 9th Cir. Apr. 1, 2021).

Szanto…[raised] a bevy of frivolous assertions" and found "no merit in any of his arguments."[12]

Nevertheless, Szanto appealed the BAP's affirmance of the denial of discharge, and that matter is currently pending before this Court.[13]

---

[12] *Id*. This is not the only time the BAP has determined Szanto filed a frivolous appeal or made frivolous arguments. *See, e.g., In re Szanto*, 2021 WL 3469186, at *1 (B.A.P. 9th Cir. Aug. 5, 2021); *In re Szanto,* 2022 WL 2052704, at *1 (B.A.P. 9th Cir. June 7, 2022); and *In re Szanto,* 2022 WL 17178502, at *1 (B.A.P. 9th Cir. Nov. 23, 2022) ("Szanto filed a chapter 11 bankruptcy case in 2016…Ultimately he was denied a discharge. Since then, Szanto has been on a relentless crusade against Trustee and her professionals in the Oregon bankruptcy court. He has burdened not only that court with his many meritless pleadings, but he also has burdened the Oregon district court, this Panel, and the Ninth Circuit Court of Appeals with his many meritless bankruptcy appeals. This appeal is no different."). In fact, the BAP further admonished Szanto that "the Panel will no longer tolerate his repeated practice of using every appeal before us as an opportunity to hurl insults and make absurd accusations about Trustee, her professionals, and the Court." (*id*., at *2), and in another case, granted the appellee's request to have the matter determined without oral argument (*Szanto v. JP Morgan Chase Bank, N.A.*, Case No. OR-22-1001 (B.A.P. 9th Cir.), Doc. 28. *See, also In re Szanto*, 2023 WL 2733536 (B.A.P. 9th Cir. Mar. 31, 2023)). And this does not even take into account the many appeals the BAP has dismissed before reaching the merits. "As prior [BAP] Panels have noted, Szanto is not the ordinary pro se litigant. He has an MBA and a J.D.; he has filed at least three bankruptcy cases in three different states; and he is a serial litigant and party to numerous court cases nationwide." *In re Szanto*, 2022 WL 17178502, at *1, n. 1.
[13] *Peter Szanto, et al. v. UST – United States Trustee*, Case No. 0:21-bkp-60035 (9th Cir.).

As stated above, Szanto did not timely appeal the conversion order. Instead, on December 3, 2018 (just under a year after it was entered), Szanto filed a motion for reconsideration.[14] The Bankruptcy Court denied the motion in January of 2019 and Szanto then filed a notice of appeal, purporting to appeal both the 2017 conversion order and the 2019 reconsideration order.[15]

Following briefing, the District Court held that Szanto's appeal of the conversion order was untimely, but that it would affirm if it had jurisdiction to review the issue on the merits.[16] Szanto appealed the decision to this Court, which determined that the appeal was frivolous and dismissed it pursuant to the pre-filing review order that is in place through at least December of this year.[17]

In addition to the Oregon Bankruptcy Court, the BAP, and this Court, other courts have determined that Szanto is a vexatious litigant

---

[14] *In re Szanto*, Case No. 3:16-bk-33185, Doc. 620.

[15] *Szanto v. US Trustee*, Case No. 3:19-cv-138-SI (D. Or.).

[16] *Szanto v. US Trustee*, 2020 WL 13558222, at *1 (D. Or. Jan. 23, 2020).

[17] *See, Peter Szanto v. US Trustee's Office, Portland, et al.*, Case No. 0:20-bkd-35138 (9th Cir.), Doc. 13 and *In re Peter Szanto*, Case No. 0:17-op-80195 (9th Cir.), Doc. 10.

16

and/or that he has abused and continues to abuse the Court process with frivolous filings.[18]

### B.     The Default Judgment at Issue in This Appeal.

The history of Szanto's Oregon bankruptcy case, especially the conversion and denial of discharge; his many frivolous appeals; long history of vexatious litigation; and abuse of court process, all provide relevant context to the matter currently before the Court in this appeal.

---

[18] For example, the Oregon District Court ("This portion of Appellant's appeal is frivolous and denied." *Szanto v. Szanto*, 2020 WL 7419215, at *10 (D. Or. Dec. 18, 2020), and *Szanto v. Szanto*, 2022 WL 3572993, at *3 (D. Or. Aug. 19, 2022) (extending bankruptcy court pre-filing order against Szanto pertaining to certain Szanto family members to all district courts in the Ninth Circuit)); the California Superior Court ("At oral argument Mr. Szanto acknowledged that the California state court found him to be a vexatious litigant." *In re Szanto*, 2016 WL 3209463 at *1 (B.A.P. 9th Cir. May 31, 2016)); the California Bankruptcy Court (*In re Szanto*, Case No. 3:22-bk-1558 (Bankr. S.D. Ca.), Doc. 74 (dismissing bankruptcy case, finding Szanto acted in bad faith and "engaged in a scheme to delay and hinder" foreclosure proceedings)); the Wyoming Bankruptcy Court (*In re: Probate Estate of Susan Szanto*, Case No.: 22-bk-20240 (Bankr. D. Wy.), Doc. 31, dismissing bankruptcy case pursuant to 11 U.S.C. §§ 109(a) and 362(d)(4)); and the South Dakota District Court ("Plaintiff's motions both lack merit and reflect fundamental misunderstandings of the law. The surrounding evidence makes it clear that these are the latest steps in a larger strategy by the Plaintiff of obstructing the adversary case against him by filing many frivolous and often incomprehensible motions." *Szanto v. United States Tr.*, 2020 WL 3490001, at *5 (D.S.D. June 26, 2020)).

Szanto testified at his 341(a) meeting of creditors that he incorporated Yankee Trust in the Commonwealth of Massachusetts in 2014.[19] His sworn schedules stated he had no involvement or ownership in the corporation.[20]

On May 11, 2018, the Trustee filed a complaint for turnover of estate property against defendant Yankee Trust, which initiated the Adversary Proceeding.[21] The complaint asserted that Szanto testified at his 341(a) meeting of creditors that he made all of the original deposits into two corporate accounts; that during the two-year period prior to the conversion Szanto managed, controlled, made all investments, and withdrew funds from the corporate accounts; and that he did so for his own personal benefit.[22] It further alleged that "due to the debtor's continuous control, possession, and personal use of the funds in the bank accounts" the funds held in the accounts constituted property of the bankruptcy estate and the Trustee requested an order requiring

---

[19] *US Trustee and Szanto*, Case No. 3:18-ap-3022 at Doc. 26, p. 2.
[20] *In re Szanto*, Case No. 3:16-bk-33185 at Doc. 318, p. 12.
[21] ER-72–77. References herein to the page numbers of Appellant's excerpts of record are to the court-stamped page number at the top of each page.
[22] ER-73–74.

turnover of the funds.[23] When the accounts were frozen they had a combined balance of $95,026.60.[24]

The Trustee served a copy of the summons and complaint on Yankee Trust's registered agent. The Trustee later requested issuance of an alias summons after learning that the registered agent may have resigned at about the time of service.[25] On June 12, 2018, the alias summons and complaint were served on Szanto as President, Secretary, and Treasurer of Yankee Trust Corporation, and on Szanto's spouse, Susan Szanto, as the former President and Director.[26] As a result, Yankee Trust's answer to the complaint was due no later than July 11, 2018, pursuant to Fed. R. Bankr. P. 7012.

Yankee Trust did not appear. Szanto purported to file a motion to dismiss and counterclaims, which the Bankruptcy Court struck because Szanto was not a party to the Adversary Proceeding and could not represent Yankee Trust.[27] Szanto also filed a motion to substitute as a party and a motion to intervene, both of which the Bankruptcy Court

---

[23] ER-74–75.
[24] SER-49.
[25] SER-13.
[26] SER-17–22.
[27] ER-2–18.

denied; as well as a "derivative action," which the Bankruptcy Court struck.[28]

The Bankruptcy Court entered a default order against Yankee Trust on August 27, 2018, and the default judgment was entered on October 4, 2018.[29]

Szanto appealed the judgment on October 16, 2018.[30] He did not timely appeal any of the Bankruptcy Court's other rulings on his various motions.[31]

Szanto elected to have the appeal heard by the District Court. Following briefing, the District Court found that Szanto lacked standing to pursue the appeal, either in a representative or individual capacity.[32] On the merits, the District Court affirmed because it found no abuse of discretion where the Bankruptcy Court entered the default judgment after Yankee Trust was validly served with the summons and complaint and failed to appear and defend the Adversary Proceeding.[33]

---

[28] ER-19–67, SER-70–71.
[29] SER-68–69 and SER-154–155.
[30] SER-156–159.
[31] *Id*.
[32] *In re Szanto*, 2022 WL 316924 at *3–5 (D. Or. Feb. 2, 2022).
[33] *Id*., at *5.

This appeal followed.

## V.   <u>SUMMARY OF THE ARGUMENT</u>

Szanto lacks representative capacity to bring this appeal on behalf of Yankee Trust because he is not a licensed attorney and corporations must be represented by counsel in federal court. He also claims that the funds at issue belong solely to his wife and children, and that he has no interest, and never had any interest, in Yankee Trust or its assets. As a result, he also lacks capacity to prosecute this appeal because he is not a licensed attorney and cannot bring the appeal on behalf of his family members. And he lacks individual capacity because he is not a "person aggrieved" by entry of the default judgment against Yankee Trust. This appeal must be dismissed.

Even if this Court were to determine this matter on the merits, it should affirm because Yankee Trust was validly served with the Adversary Proceeding summons and complaint and failed to file an answer within the time permitted by law. As a result, it was not an abuse of discretion for the Bankruptcy Court to the enter the default judgment.

## VI.  ARGUMENT

### A.  This Appeal Must Be Dismissed Because Szanto Does Not Have Standing.

#### 1.  The Only Ruling on Review is Entry of the Default Judgment Against Yankee Trust.

Szanto makes various arguments in his Opening Brief ostensibly in support of his belief that multiple Bankruptcy Court rulings should be reversed and that the default judgment entered against Yankee Trust should also be vacated. Szanto has many perceived grievances against the Bankruptcy Court, the Trustee, and the Trustee's counsel, which he has aired and continues to air in various forums, including this one.[34] But the scope of this appeal is narrow.

---

[34] His grievances also extend to certain of his family members (with whom he's been in protracted litigation) and their counsel; the Internal Revenue Service and the Department of Justice; J.P. Morgan Chase, N.A. and its counsel; the BAP; and the Oregon District Court, among others. With regard to the Oregon Bankruptcy Court, he has repeatedly alleged judicial bias, including in his Opening Brief to this Court. But multiple reviewing courts have determined he has failed to demonstrate any bias, and this Court should do the same. *See, e.g., Szanto v. Szanto*, 2019 WL 1932366, at*5, 8 (D. Or. May 1, 2019) and *In re Szanto*, 2021 WL 1329435, at *6. As the District Court noted, "Szanto offers nothing substantively different in his assertions of bias for the ruling challenged in this appeal." *In re Szanto*, 2022 WL 316924, at *6.

As an initial matter, with regard to his brief and the factual assertions and arguments therein, Szanto proceeded in the bankruptcy and before the District Court, and now proceeds before this Court, *pro se* and "does so with no greater rights than a litigant represented by a lawyer." *Bias v. Moynihan*, 508 F.3d 1212, 1219 (9th Cir. 2007). There is no absolute or constitutional right to counsel in a civil case. *Hedges v. Resol. Tr. Corp.*, 32 F.3d 1360, 1363 (9th Cir. 1994); *United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cty., State of Wash.*, 795 F.2d 796, 801 (9th Cir. 1986). And as the BAP noted, Szanto is not an "ordinary" *pro se* litigant.[35]

The Bankruptcy Court entered the default judgment against Yankee Trust on October 4, 2018.[36] A notice of appeal must be filed within 14 days after entry of the judgment, order, or decree being appealed. Fed. R. Bankr. P. 8002(a)(1). The notice must also "be accompanied by the judgment, order, or decree, or the part of it, being appealed." Fed. R. Bankr. P. 8003(a)(3)(B). Szanto timely filed the notice of appeal on October 16, 2018, 12 days after entry of the default

---

[35] *See,* n. 12, above.
[36] SER-154–155.

judgment.[37] The notice of appeal states it is taken "from the judgment attached hereto" and the only document attached is the default judgment against Yankee Trust.[38]

"[I]f a litigant files papers in a fashion that is technically at variance with the letter of a procedural rule, a court may nonetheless find that the litigant has complied with the rule if the litigant's action is the functional equivalent of what the rule requires." *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 316–17, 108 S. Ct. 2405, 101 L. Ed. 2d 285 (1988). But as the District Court noted, "'[t]his liberal principle of construction is not without limits, however, and does not excuse noncompliance with the rules, especially here, where nothing listed in the Notice of Appeal gives any indication that [Szanto] sought to appeal any order' other than the default judgment." *In re Szanto*, 2022 WL 316924, at *3, *quoting In re Clark*, 2014 WL 5646640, at *6 (B.A.P. 9th Cir. Nov. 4, 2014), *aff'd*, 662 F. App'x 544 (9th Cir. 2016). "A mistake in failing to designate an order in a notice of appeal may not be fatal if the intent to appeal a specific order or judgment can fairly be inferred from

---

[37] SER-156–159.

[38] *Id.*

the notice of appeal." *Id*. "Szanto's Notice of Appeal, however, can fairly be read only as intending to appeal the default judgment. Thus, the only matter on appeal is the default judgment." *In re Szanto*, 2022 WL 316924, at *3.

### 2. Standard of Review and Legal Standard for Appellate Standing.

This Court reviews the District Court's decision *de novo*, "applying the same standards applied by the district court, without deference to the district court." *Matter of Point Ctr. Fin., Inc.*, 890 F.3d 1188, 1191 (9th Cir. 2018), *quoting Hughes v. Tower Park Props*. (*In re Tower Park Props., LLC* ), 803 F.3d 450, 456 n.5 (9th Cir. 2015) (internal quotation marks and citation omitted). Jurisdictional standing is a threshold question that determines a court's power to hear a particular action. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998). It is "inflexible and without exception." *Id*. "Standing is an issue of law reviewed *de novo*, while related factual determinations are reviewed for clear error." *Id*., *quoting Palmdale Hills Prop., LLC v. Lehman Commercial Paper, Inc.* (*In re Palmdale Hills Prop., LLC*), 654 F.3d 868, 873 (9th Cir. 2011).

This Circuit has adopted a "prudential test to determine whether an appellant has standing to appeal as a 'person aggrieved' by the bankruptcy order." *In re Pena*, 974 F.3d 934, 938 (9th Cir. 2020), *quoting In re P.R.T.C., Inc.*, 177 F.3d 774, 777 (9th Cir. 1999). This is narrower than Article III standing:

> [The "aggrieved person" test] exists to fill the need for an explicit limitation on standing to appeal in bankruptcy proceedings. This need springs from the nature of bankruptcy litigation which almost always involves the interests of persons who are not formally parties to the litigation. In the course of administration of the bankruptcy estate disputes arise in which numerous persons are to some degree interested. Efficient judicial administration requires that appellate review be limited to those persons whose interests are directly affected.

*Matter of Fondiller*, 707 F.2d 441, 443 (9th Cir. 1983).

"Aggrieved" means " someone who is 'directly and adversely affected pecuniarily' by a bankruptcy court's order." *Matter of Point Ctr. Fin., Inc.*, 890 F.3d 1188, 1191 (9th Cir. 2018), *quoting Fondiller*, 707 F.2d at 443. "Under this standard, an appellant is 'aggrieved if the bankruptcy court order diminishes the appellant's property, increases his burdens, or detrimentally affects his rights.'" *In re Pena*, 974 F.3d at 938, *quoting In re Sisk*, 962 F.3d 1133, 1143 (9th Cir. 2020) (simplified).

Here, the District Court's factual findings on standing are not clearly erroneous—Szanto is not a "person aggrieved" by the default judgment entered against Yankee Trust.

### 3. Szanto Lacks Representative Capacity.

As stated above, Szanto appeared *pro se* in the Bankruptcy Court. He is not a licensed attorney.[39] Yankee Trust is a business entity, incorporated in Massachusetts in 2014.[40] The law "does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney." *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202, 113 S. Ct. 716, 721, 121 L. Ed. 2d 656 (1993) (citing cases). Szanto's argument that Yankee Trust's formation was defective, thus rendering it not a valid corporation, does not confer standing on Szanto. The District Court correctly noted "[t]hat is an argument that Yankee Trust could raise, with the assistance of counsel." *In re Szanto*, 2022 WL 316924, at *3. Szanto cannot bring this appeal on behalf of Yankee Trust.

---

[39] *See, e.g., In re: Szanto*, 2022 WL 1203637, at *3, n. 2 (D. Or. Apr. 22, 2022) and *Szanto v. Amborn*, Case No. 3:19-cv-213-SI (D. Or.), Doc. 55.
[40] SER-48.

### 4. Szanto Lacks Individual Capacity.

Szanto has repeatedly asserted that Yankee Trust was created

solely for the benefit of his wife and children and that he has no direct

pecuniary interest in Yankee Trust's assets. He argued this to the

District Court, and continues to argue it in his Opening Brief to this

Court, to demonstrate why he believes the frozen account funds are not

estate property.[41] [42]

---

[41] *See, e.g.,* Opening Brief (Doc. 14), p. 3 ("**The Trial Court Simply Overlooked Appellant's Lack of ALL Interest and Lack of ANY Ownership in The Yankee Trust…**" (emphasis and capitalization in original)); p. 11 ("Appellant was neither owner nor had any interest in the future Yankee Trust." And "The act of incorporation was undertaken for the benefit of Appellant's wife and children, Appellant continued without any interest in…Yankee Trust."); p. 12 ("Appellant never had any interest in the Yankee Trust…Appellant had no ownership interest in the Yankee Trust at any time."); p. 17 ("Appellant's acts…were merely actions of a worker, nothing more. Such actions demonstrate neither ownership nor interest nor potential for personal profit of any type to Appellant.") and p. 20 ("No action taken by Appellant in his employment on behalf of The Yankee Trust was undertaken for anything other than to inure and deliver benefits for others and never for himself.").

[42] Further, whether or not Yankee Trust's assets are or are not estate property goes to the merits of the Adversary Proceeding, which again, Szanto was not a party to. And that was Yankee Trust's argument to make, not Szanto's. He cannot make the argument on Yankee Trust's behalf. *See*, Section IV. A. 3., above.

Szanto's spouse (now deceased) and children theoretically could qualify as "aggrieved persons" for purposes of standing. But Szanto cannot bring this appeal on their behalf. As stated above, he is not a licensed attorney and "an appellant 'must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties.'" *In re Umpqua Shopping Ctr., Inc.*, 111 B.R. 303, 305 (B.A.P. 9th Cir. 1990), *quoting Warth v. Seldin*, 422 U.S. 490, 499, 95 S.Ct. 2197, 2205, 45 L.Ed.2d 343, 354–55 (citations omitted); *accord Singleton v. Wulff*, 428 U.S. 106, 112, 96 S.Ct. 2868, 2873, 49 L.Ed.2d 826, 832; *Sec. & Exch. Comm'n v. Sec. Nw, Inc.*, 573 F.2d 622, 626 (9th Cir.1978); *Kane v. Johns–Manville Corp.*, 843 F.2d 636, 642 (2nd Cir.1988). *See also, C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) (holding a non-attorney litigant can represent themselves *pro se* in a civil court matter, but the privilege is personal and does not entitle the litigant to represent the interests of others).

Szanto also argues that he purchased all of Yankee Trust's shares shortly after the Adversary Proceeding was filed.[43] He never provided

---

[43] Opening Brief (Doc. 14), p. 28. *See also*, e.g., ER-4.

documentary evidence in support of this alleged fact.[44] But even if it was true, this would not confer standing on him to pursue this appeal. First, standing is evaluated based upon the facts as they existed at the time the Adversary Proceeding complaint was filed. *Skaff v. Meridien N. Am. Beverly Hills, LLC*, 506 F.3d 832, 838 (9th Cir. 2007). Second, even if this Court could look to these later alleged facts, Szanto still asserts in his Opening Brief that he has absolutely no pecuniary interest in Yankee Trust, hence his argument that the funds are not estate property. And in any event, "[a] stockholder of a corporation does not acquire standing to maintain an action in his own right, as a shareholder, when the alleged injury is inflicted upon the corporation and the only injury to the shareholder is the indirect harm which consists of the diminution in the value of his corporate shares resulting from the impairment of corporate assets." *In re Anchorage Nautical Tours, Inc.*, 145 B.R. 637, 641 (B.A.P. 9th Cir. 1992) (*quoting Kauffman v. Dreyfus Fund, Inc.,* 434 F.2d 727, 732 (3rd Cir. 1970)).

Szanto can't have it both ways—if he has no pecuniary interest in the funds subject to turnover in the Adversary Proceeding, then he can't

---

[44] ER-29.

be a "person aggrieved" with standing to appeal the default judgment

against Yankee Trust for turnover of those funds.[45] This appeal must be

dismissed.

### B. Even if Szanto Did Have Standing, This Appeal Fails on the Merits Because the Bankruptcy Court Did Not Abuse Its Discretion by Entering the Default Judgment Against Yankee Trust.

#### 1. Standard of Review.

As stated above, this Court reviews a district court's decision *de novo*, and applies the same standards applied by the district court, without deference. *Matter of Point Ctr. Fin., Inc*., 890 F.3d 1188 at 1191 and *Hughes v. Tower Park Pro*ps. (*In re Tower Park Props., LLC* ), 803 F.3d at 456 n.5.

A bankruptcy court's decision on a default judgment is reviewed for abuse of discretion. *DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 852 (9th Cir. 2007). A court abuses its discretion when it fails to identify and apply the correct legal rule to the relief requested, or if its

---

[45] Even if Szanto did have a pecuniary interest in the funds, he would still not be a "person aggrieved" by entry of the default judgment. The disposition of the Adversary Proceeding did not impair Szanto's ability, as debtor, to pursue any claimed exemptions in the main bankruptcy case, as permitted by the Bankruptcy Code and Rules.

application of the correct legal standard was (1) illogical,

(2) implausible, or (3) without support in inferences that may be drawn

from the facts in the record. *In re Roman Cath. Archbishop of Portland

in Oregon*, 661 F.3d 417, 424 (9th Cir. 2011) (simplified).

> **2.      Yankee Trust Was Validly Served With the
> Adversary Proceeding Summons and Complaint,
> and Failed to Appear and Defend Within the
> Time Permitted by Law.**

The Trustee initially served the Adversary Proceeding summons

and complaint on Yankee Trust's registered agent. The Trustee then

requested issuance of an alias summons because it appeared Yankee

Trust's agent for service of process may have resigned around the time

of service.[46] The complaint and alias summons was served on June 12,

2018, on Szanto, as President, Secretary, and Treasurer of Yankee

Trust, and on Susan Szanto, as former President and Director.[47] Yankee

Trust's answer was therefore due on July 11, 2018, pursuant to Fed. R.

Bankr. P. 7012. No attorney appeared for Yankee Trust and it did not

file an answer.

---

[46] SER-13–16.
[47] SER-17–22.

The Bankruptcy Court advised Szanto that he could not represent Yankee Trust in the Adversary Proceeding.[48] The default order and default judgment were entered after the deadline to answer passed without an attorney appearing for Yankee Trust and after Yankee Trust failed to respond to the complaint.

The Bankruptcy Court applied the correct legal standard and its application of that standard was not implausible, illogical, or unsupported by facts in the record. In the event this Court reaches the merits of this appeal, it should affirm.

## VII. <u>CONCLUSION</u>

This Court must dismiss this appeal because Szanto lacks standing. In the event the Court finds Szanto has standing and determines the merits, it should affirm because the Bankruptcy Court entered the default judgment after Yankee Trust was served with the Adversary Proceeding summons and complaint and failed to appear. It

---

[48] ER-18 ("[T]he corporation is the only defendant in this adversary proceeding. Debtor is not a party to this adversary proceeding and therefore has no standing to file the Response. To the extent Debtor is attempting in the Response to seek relief on behalf of the Corporation, he is barred from doing so."). *See also*, ER-62–67; and SER-29 [line 23] to SER-30 [line 23].

was not an abuse of discretion for the Bankruptcy Court to enter the

default judgment against Yankee Trust.

Dated this 17th day of April, 2023.

JORDAN RAMIS PC


By: /s/ Robyn L. Stein

Russell D. Garrett
russell.garrett@jordanramis.com
Robyn L. Stein
robyn.stein@jordanramis.com

*Attorneys for Appellee Candace
Amborn, Chapter 7 Trustee*

## STATEMENT OF RELATED CASES

The undersigned attorney states there are no known related cases currently pending in this Court.

Dated this 17th day of April, 2023.

JORDAN RAMIS PC

By: /s/ Robyn L. Stein
Russell D. Garrett
russell.garrett@jordanramis.com
Robyn L. Stein
robyn.stein@jordanramis.com

*Attorneys for Appellee Candace Amborn, Chapter 7 Trustee*

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 8. Certificate of Compliance for Briefs

*Instructions for this form:*
*http://www.ca9.uscourts.gov/forms/form08instructions.pdf*

**9th Cir. Case Number(s)** 22-35207

I am the attorney or self-represented party.

**This brief contains 5,227 words,** and excluding the items exempted by FRAP 32(f). The brief's type size and typeface comply with FRAP 32(a)(5) and (6). I certify that this brief *(select only one)*:

[X] complies with the word limit of Cir. R. 32-1.

[ ] is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

[ ] is an **amicus** brief and complies with the word limit of FRAP 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

[ ] is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

[ ] complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:

    [ ] it is a joint brief submitted by separately represented parties.

    [ ] a party or parties are filing a single brief in response to multiple briefs.

    [ ] a party or parties are filing a single brief in response to a longer joint brief.

[ ] complies with the length limit designated by court order dated _____.

[ ] is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** /s/ Robyn L. Stein     **Date** April 17, 2023